```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JASON WAYNE NAILLIEUX,

                        Plaintiff,

            - against -

UNITED STATES MINT (MONEY),

                        Defendant.
----------------------------------------------------------x
```

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-436 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Jason Wayne Naillieux ("Plaintiff") filed this *pro se* action against an agency of the federal government on January 16, 2019. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff's submission consists of a form complaint with handwritten information, typed statements, and printouts of sections of the United States Code and the Code of Federal Regulations. In the complaint's caption, Plaintiff identifies himself as "In the name of the United States of America, the United States of America peresedents [*sic*] Plaintiffs for a child unable to read, write and communicate named Mr. Jason Wayne Naillieux Plaintiff." (Compl., at 1.) The Defendant is identified as "United States Mint (Money)." (*Id.*) In the space to provide a basis for federal jurisdiction, Plaintiff checks the box for "Federal Question" and cites to 1 U.S.C. § 8. (*Id.* at 4.) This provision defines "'Person,' 'human being,' 'child,' and 'individual' as including born-alive infant." 1 U.S.C. § 8. The complaint does not assert any facts, but states: "Please see attached." (*Id.* at 5.) In the spaces to state the amount in controversy and the relief sought, Plaintiff has written: "Will talk over with judge or justice in court." (*Id.* at 16–17.)

The exhibits include "Top Secret" cover sheets for the National Security Agency and the Central Intelligence Agency. (Dkt. 1-2, at ECF 9–17.)[1] A typed statement follows these cover sheets in which Plaintiff states, among other similar pronouncements, that he is "the owner and creator of the United States of America military and now they are at war." (*Id.* at ECF 18.) The statement includes references to the Nuclear Regulatory Commission and the National Aeronautics and Space Administration, which Plaintiff also claims to have created. (*Id.* at ECF 19.) The statement concludes: "In closeting… [*sic*] do not reference the United States of America superior courts in any fashion because they are closed permanently in my favor with filing instruction to me and only me . . . ." (*Id.*) The remainder of the submission consists of copies of Title 32 of the Code of Federal Regulations and Titles 1, 10, 18, and 50 of the United States Code. (*Id.* at ECF 20–70.)

On January 23, 2018, Plaintiff submitted a handwritten letter and typed statement to the Court, supplementing his complaint. In it, Plaintiff states:

> I am being threaten to stay in New York and left dispite the threat for about 3 to 4 day already. I will probably relocate to Washington D.C. and continue to fill being that no cout has told me how to appeal the crimes of denieing court to the United States of America Suppream Court [*sic*].

(Dkt. 4, at ECF 75.) Plaintiff goes on to assert that he is "a child victim of the age of 3," and has a "mijestick [*sic*] body of woman." (*Id.* at ECF 76.) He makes references to women's menstrual cycles, his own bodily functions, the creation of the United States military, the death penalty, the forming of a new bank, and the destruction of the World Trade Center on September 11, 2001. (*Id.* at ECF 76-78.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**STANDARD OF REVIEW**

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**DISCUSSION**

Plaintiff's complaint, which fails to allege any credible facts, is both irrational and delusional, and thus must be dismissed as "frivolous or malicious" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court notes that Plaintiff previously filed a similarly delusional action in this Court against the same defendant and purported to name several former Presidents of the United States as additional plaintiffs. *See Nuillieux v. United States Mint*, No. 18-CV-3758 (PKC), slip op. (E.D.N.Y. Jul. 16, 2018) (dismissed as frivolous). Plaintiff has filed similar suits in other courts. *See Naillieux v. United States Mint*, No. 18-CV-1298, slip op. (D. Conn. Oct. 5, 2018) (dismissed for failure to state a claim); *Naillieux v. United States Mint*, No. 18-CV-16754, slip op. (D.N.J. Dec. 27, 2018) (dismissed for failure to state a claim); *Naillieux v. United States Mint*, No. 18-CV-9435, slip op. (S.D.N.Y. Nov. 14, 2018) (dismissed as frivolous); *Naillieux v. United States Mint (Money)*, No. 18-CV-889, 2018 WL 4658498 (N.D.N.Y. Aug. 27, 2018), *report and recommendation adopted*, 2018 WL 4642639 (N.D.N.Y. Sept. 27, 2018), 2018 WL 4697274 (N.D.N.Y. Oct. 1, 2018) (report and recommendation to dismiss amended complaint); *Naillieux v.*

*United States Mint (Money)*, No. 19-CV-37 (W.D.N.Y.) (case pending)*; see also Naillieux v. United States*, No. 15-935C, 2016 WL 3434737 (Fed. Cl. June 17, 2016) (granting motion to dismiss for lack of subject-matter jurisdiction); *Naillieux v. Los Angeles Sheriff*, No. CV 15-7638-GW (KK), 2016 WL 3226015 (C.D. Cal. Apr. 18, 2016), *report and recommendation adopted sub nom.*, 2016 WL 3267308 (C.D. Cal. June 6, 2016) (dismissed for failure to prosecute and failure to comply with court orders).

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). Plaintiff is warned that the future filing of vexatious and frivolous litigation will result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the

purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 6, 2019
      Brooklyn, New York